# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE: 3:11cv028-RJC

| | |
|---|---|
| JAMES DEAN EAKER, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| FRANKLIN STEELE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's *pro se* Complaint pursuant to 42 U.S.C. § 1983, filed January 14, 2011. (Doc. No. 1). In his Complaint, Plaintiff alleges that the Defendants assaulted and unlawfully restrained him in violation of the Eighth and Fourteenth Amendments.

The Prisoner Litigation Reform Act ("PLRA") makes clear that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). Court records indicate that Plaintiff has filed at least two lawsuits in this Court,[1] and one in the Middle District of North Carolina,[2] that were dismissed for failure to state

---

[1] See Eaker v. Allred, et al., 5:92cv76 (W.D.N.C. Jan. 14, 1994) (Dismissed for failure to state a federal claim on which relief may be granted.); Eaker v. Iveson et al., 4:97cv166 (W.D.N.C. Aug. 28, 1997) (Dismissed pursuant to 28 U.S.C. § 1915(e)(2).).

[2] Eaker v. Miller, 1:07cv575 (M.D.N.C. Oct. 28, 2008) (dismissing with prejudice Plaintiff's §1983 deliberate indifference to serious medical need claim for failure to state a claim and dismissing without prejudice Plaintiff's Eighth Amendment claim for failure to exhaust.)

a claim for relief.³ Further, Plaintiff has not demonstrated that he is under imminent danger of serious physical injury; therefore, his Complaint must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** pursuant to 29 U.S.C. § 1915(g); and

2. The Clerk is directed to send a copy of this Order to the *pro se* Plaintiff.

Signed: February 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

Such dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Pointer v. Wilkinson, 502 F.3d 369 (6th Cir. 2007) (holding that prisoner's complaint dismissed in part with prejudice for failure to state a claim and in part without prejudice for failure to exhaust qualified as a strike for § 1915(g) purposes); see also James v. Brinkley, 2010 WL 1307212 n.3 (E.D. Va. March 31, 2010) (counting case as a strike even though complaint partially dismissed without prejudice); cf Finley v. Doe, 2008 WL 2645472 (S.D.W.V. June 30, 2008) (same); contra Turley v. Gaetz, 625 F.3d 1005 (7th Cir. 2010) (holding that dismissal of an action, in part for failure to exhaust and in part as frivolous, malicious or for failure to state a claim does not constitute a strike for § 1915(g) purposes).

³On January 3, 2011, the Court dismissed another of Plaintiff's §1983 Complaints. See Eaker v. Burns, 3:10cv657 (W.D.N.C. Jan. 3, 2011) (Dismissed pursuant to 28 U.S.C. § 1915(g).).